```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Michael Brown, as agent on behalf of former equityholders of Emergent Properties Inc.,

                    Plaintiff,

-against-

Building Engines, Inc.,

                    Defendant.

---

1:21-cv-10893 (AJN) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is an unopposed Letter Motion by Defendant Building Engines, Inc. requesting permission to seal one exhibit to its motion to dismiss Plaintiff's Complaint. (*See* Def.'s 2/22/22 Ltr. Mot., ECF No. 12.) That exhibit is an Agreement and Plan of Merger ("Merger Agreement") referenced in Plaintiff's Complaint. (*See*, *e.g.*, Compl., ECF No. 1, ¶ 2.) The Merger Agreement, which was filed under seal at ECF No. 13, contains a confidentiality provision (*see* Merger Agmt., at PDF p. 68), and according to Defendant, also contains financially sensitive and competitive business information. (*See* Def.'s 2/22/22 Ltr. Mot. at 1.) Upon review of the Merger Agreement, Defendant's Letter Motion is GRANTED.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Courts routinely seal documents to prevent the disclosure

of a party's competitive and confidential business information. *See*, *e.g.*, *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-CV-06559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motions to seal contracts containing confidential information that risked competitive harm to the parties' business).

In opposition to Defendant's motion to dismiss, Plaintiff filed under seal at ECF No. 24 other documents that were contained in the closing binder for the merger transaction. (*See* Pl.'s Opp. Mem., ECF No. 23, at 2 n.2.) The Court hereby approves the filing of such documents under seal for the same reasons stated above.

**SO ORDERED.**

Dated:    New York, New York
          April 1, 2022

_____
STEWART D. AARON
United States Magistrate Judge