UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL BROWN, as agent on behalf of
former equityholders of Emergent Properties Inc.,

                        Plaintiff,                    21-cv-10893 (PKC) (SDA)

      -against-

                                                ORDER ADOPTING REPORT
                                                AND RECOMMENDATION

BUILDING ENGINES INC.,

                        Defendant.

-----------------------------------------------------------x
CASTEL, District Judge:

        Plaintiff Michael Brown, as agent for the former equity holders of Emergent Properties Inc., brought an action against Building Engines Inc. ("Building Engines") under a payout provision of the Merger Agreement by which Building Engines acquired Emergent Properties Inc. d/b/a LogCheck as of May 28, 2021. Brown seeks declaratory judgment that the payout provision of the Merger Agreement was accelerated, and the maximum payout became due when Building Engines was sold to Jones Lang LaSalle ("JLL") on or about November 23, 2021.

        The predecessor district judge in an Amended Order of Reference (Doc. 17) referred the action to Magistrate Judge Stewart D. Aaron for general pre-trial supervision and rulings on dispositive motions. Judge Aaron issued a Report and Recommendation ("R&R") recommending denial of Building Engine's motion to dismiss on forum non conveniens grounds, grant of Building Engine's motion to dismiss for failure to state a claim and denial of Building Engine's motion for attorneys' fees. After the Amended Order of Reference but before the issuance of the R&R, the case was reassigned to the undersigned.

No objection to the R&R has been filed by Building Engine. Brown has timely objected insofar as the R&R dismissed his claim that the payout provision had been accelerated by reason of the November 2021 acquisition of Building Engines by JLL.

I have reviewed and considered the entirety of the objections and reviewed the objected portions of the R&R de novo. I conclude that the R&R of Magistrate Judge Aaron is well-reasoned and grounded in fact and in law. Without objection the Court adopts the R&R insofar as it denied the motion to dismiss on forum non conveniens grounds, denied the application for attorney's fees and granted leave to replead to Brown. Over the objection of Brown, the Court adopts the R&R's conclusion that Brown's Complaint as presently pled fails to state a claim for relief. The R&R is adopted in its entirety and without modification.

DISCUSSION

Brown's single claim for relief is succinctly summarized in paragraph 63 of the Complaint: "Plaintiff hereby requests a declaratory judgment that (i) the JLL Merger was a Sale Event, but not the Contemplated Recap; (ii) the earnout payment accelerated as of, at latest, November 23, 2021; and (iii) Defendant must therefore specifically perform by paying the earnout amount of $1,500,000, plus any interest."

The R&R correctly applies Delaware law to the Merger Agreement and correctly describes the Court's role in construing the terms of unambiguous contractual provisions. The R&R well frames the issue, so the undersigned need only be brief.

Brown's former equity holders – the sellers – maintained the ability to earn an additional payout of up to $1.5 million based upon the entity achieving certain targets one year after the closing. Under section 2.2 of the Merger Agreement, the maximum payout would be earned and accelerated upon a "Sale Event." There is no dispute – indeed, Brown alleges –

that the acquisition of Building Engines was a "Sale Event." But as Building Engines argued and the R&R accepted, a "Sale Event" that occurs prior to December 31, 2021 falls within the definition of a "Contemplated Recap" and, therefore, does not trigger the acceleration provision.

Section 2.2 of the Merger Agreement defines the term "Contemplated Recap" as "a Sale Event that occurs prior to December 31, 2021." Section 2.3(e) provides that "the Contemplated Recap shall not, by itself, constitute an event requiring acceleration of the payment of the Earnout Payment Amount under this Section 2.3(e) (it being agreed that Parent or its successor resulting from the Contemplated Recap shall remain liable for Parent's obligations under this Article 2)."

There is no dispute that the JLL acquisition occurred in November 2021, which is "prior to December 31, 2021." Nor is it disputed that it was a "Sale Event." Brown's position is that "Recap," as used in the phrase "Contemplated Recap" means recapitalization and that the JLL acquisition was not a recapitalization. As the R&R correctly notes, Delaware law gives a term of an agreement the meaning assigned to it by the parties. See, e.g. Mehiel v. Solo Cup Co., 2005 WL 5750634 (Del. Ch. May 13, 2005) (limiting the term "Company" to that defined by the parties in their agreement). Here, "Contemplated Recap" was defined in a manner that comfortably sweeps the JLL acquisition within its reach and therefore excludes it from the acceleration provision.

CONCLUSION

       Upon a de novo review of such parts of the R&R to which objections have been made and considering all of the arguments of the parties, including those not expressly referenced herein, the Court adopts the R&R.  Rule 72(b)(3), Fed. R. Civ. P.  The Clerk is directed to terminate the motion.  (Doc. 14.)

       SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York  
       August 11, 2022